Peter D. Weinstein, SBN 212948
ENTRALTA P.C.
1560-1 Newbury Rd., #327
Newbury Park, CA 91320
**P** (805) 444-7865
**F** 805.322.4469

Attorneys for Plaintiff LifeProxy, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LIFEPROXY, LLC | ) | Civil Action No. |
|    Plaintiff, | ) | |
| | ) | COMPLAINT FOR PATENT |
|   v. | ) | INFRINGEMENT AGAINST ESNIPE, INC.; |
| | ) | DEMAND FOR JURY |
| ESNIPE, INC. | ) | |
|    Defendant. | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| | ) | |

Plaintiff LifeProxy, LLC complains of Defendant eSnipe Inc. ("eSnipe" or "Defendant") as follows:

## I.  NATURE OF LAWSUIT

1.  This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## II.  THE PARTIES

2.  Plaintiff LifeProxy, LLC ("LifeProxy") is a Delaware Limited Liability Corporation having a principal place of business in 421 Leaning Oak Street, Gaithersburg, MD 20878.  LifeProxy is the owner, by assignment, of U.S. Patent No. 7,461,024 (the '024 Patent) issued December 2, 2008 and entitled "Bidder-Side Auction Dynamic Pricing Agent, System, Method and Computer Program Product" (copy attached as Exhibit A), and U.S. Patent No. 8,204,819 (the '819 Patent) issued June 19, 2012 and entitled "Bidder-Side Auction Dynamic Pricing Agent, System, Method and Computer Program Product" (copy attached as Exhibit B).  LifeProxy owns all right, title, and interest in, and has standing to sue for infringement of the '024 and '819 Patents.

3.      On information and belief, Defendant eSnipe Inc. ("eSnipe") is a Washington Corporation having a principal place of business at 6404 W Ocean Front Newport Beach, CA 92663.

### III.     JURISDICTION AND VENUE

6.      This is an action for patent infringement arising under the patent laws of the United States of America, Title 35 U.S.C.  This Court has jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

7.      Personal Jurisdiction over the defendant is proper in this Court in that Defendant eSnipe has done and continues to do business in this district.  Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c) and/or 1400(b) in that a substantial part of the events giving rise to the patent infringement claims herein have taken place and may still be taking place in this judicial district.

### IV.     THE SUBJECT PATENTS

8.      The '024 and '819 Patents are each directed to a method of automating an interaction between a bidder and electronic, dynamic pricing online auction hosting service.  Such techniques find particular value when an individual is bidding on an item that is being offered on an online auction hosting service, such as eBay.  The technique covered by the '024 and '819 Patents allows the bidder to put in a bid on an item just before the online auction closes, thus increasing the likelihood of the bidder winning the auction for the item.

9.      Each of the '024 and '819 Patents is entitled, "Bidder-Side Auction Dynamic Pricing Agent, System, Method and Computer Program Product" and contains multiple claims directed to combinations, apparatus and methods for employing or otherwise implementing the patented techniques.  Each of the '024 and '819 Patents was properly and duly issued by the United States Patent and Trademark Office and each of the '024 and '819 Patents is presumed to be valid.

### V.     FIRST CLAIM FOR RELIEF

10.     LifeProxy restates and incorporates by reference paragraphs 1 through 9 above as if fully re-stated herein.

11.     LifeProxy is informed and believes, and on that basis alleges, that eSnipe has directly infringed the '024 and '819 Patents in violation of 35 U.S.C. §271(a) by, *inter alia*, performing the claimed method to enter a bid in an online auction to perform one or more the claimed methods of each of the '024 and '819 Patents, within the United States, during the term of the '024 and '819 Patents, without LifeProxy's authorization.

12.     eSnipe has also indirectly infringed the '024 and '819 Patents in violation of 35 U.S.C. §271(b) by inducing direct infringements of the '024 and '819 Patents by third parties, including its customers.  In particular, eSnipe has sold or provided the use of its online auction bidding services and have instructed, aided and induced their customers to perform one or more of the claimed methods of the '024 and '819 Patents, during the term of the '024 and '819 Patents, without LifeProxy's authorization. LifeProxy is informed and believes and on that basis alleges that eSnipe had actual knowledge of the '024 and '819 Patents and its claimed inventions and have known and intended that its customers would directly infringe the '024 and '819 Patents by using eSnipe's services in their intended manner and according to eSnipe's instructions.

13.     eSnipe has also indirectly infringed the '024 and '819 Patents in violation of 35 U.S.C. §271(c) by contributing to the direct infringements of the '024 and '819 Patents by third parties, including its customers. In particular, eSnipe has provided their services for use in practicing the claimed inventions of the '024 and '819 Patents, during the term of the '024 and '819 Patents, without LifeProxy's authorization, and upon information and belief, knowing the same to be especially made or especially adapted for use in an infringement of such patents and not a staple article or commodity of commerce suitable for substantial non-infringing use by their customers.

## VI.     <u>PRAYER FOR RELIEF</u>

WHEREFORE, LifeProxy asks this Court to enter judgment against Defendant and against their subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A.     That LifeProxy has judgment against defendant on the claims;

B.     That defendant be adjudged to have willfully infringed the '024 and '819 Patents under 35 U.S.C. §271(a), (b) and (c)

C.     An award of damages adequate to compensate LifeProxy for the infringement that has occurred, together with prejudgment interest from the date infringement of the '024 and '819 Patents began, or such earliest date allowed by law;

D.     Increased damages as permitted under 35 U.S.C. § 284;

E.     A finding that this case is exceptional and an award to LifeProxy of its attorneys' fees and costs as may be appropriate and as provided by 35 U.S.C. § 285;

F.     Pre-judgment interest calculated from the time of the first occurrence of any infringing activity, or such earliest time as legally allowed through and until entry of judgment; and

G.     Such other and further relief as this Court or a jury may deem proper and just.

## VII.    JURY DEMAND

LifeProxy demands a trial by jury on all issues presented in this Complaint.


Dated:     August 19, 2021                                ENTRALTA, P.C.


                                                          By:     _____/s Peter D. Weinstein___
                                                                  Peter D. Weinstein, Ph.D., J.D.
                                                                  peter.weinstein@entralta.com